UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERTO LUIS REYES, #300648

Petitioner,

v.                                              2:08CV110

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On June 26, 2001, in the Circuit Court for the City of Chesapeake, Virginia, petitioner was convicted of three counts of armed robbery and two counts of use of a firearm in the commission of a felony. As a result of the convictions, petitioner was sentenced to serve ten years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on November 2, 2001, the appeal was dismissed. Petitioner did not file an appeal in the Supreme Court of Virginia.

On May 21, 2002, petitioner, by counsel, filed a petition for writ of habeas corpus in the Circuit Court for the City of Chesapeake, alleging that his sentence was cruel and unusual, as he was sentenced to an indeterminate supervised probation. On June 28, 2002, respondent

filed a motion to dismiss the habeas petition. On July 25, 2002, respondent filed a dismissal order, together with a notice pursuant to Supreme Court Rule 1:13, because counsel for petitioner refused to sign the dismissal order.

On August 15, 2002, petitioner filed a motion to amend his petition, and on September 9, 2002, respondent filed a motion in opposition thereto. On April 4, 2003, petitioner filed a supplemental memorandum, raising claims of ineffective assistance of counsel. On June 15, 2004, the Circuit Court entered an order citing its previous order of August 26, 2002, in which petitioner was given leave to file an amended petition. The Order of June, 2004, noted that for reasons unknown, neither petitioner nor respondent received a copy of the order of August 26, 2002. For that reason, the Circuit Court ruled that petitioner's supplemental memorandum, which was construed as an amended petition, was timely filed. On May 5, 2005, the Circuit Court granted the habeas petition on the ineffective assistance of counsel claim for counsel's failure to inform petitioner of his right to appeal. Petitioner's remaining allegations were rejected by the court as being without merit. Petitioner appealed the dismissal of the remaining claims to the Supreme Court of Virginia, but the appeal was refused on January 19, 2006.

In the interim, petitioner filed a delayed appeal in the Virginia Court of Appeals, but the appeal was refused on March 2, 2006. On December 1, 2006, the Supreme Court of Virginia refused petitioner's belated petition for appeal.

On February 26, 2008, petitioner filed a petition for writ of habeas corpus in federal court, and on April 3, 2008, respondent filed

2

a motion to dismiss and Rule 5 answer.   This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Petitioner's sentence violated the Eighth Amendment because:

   a.   it was disproportionate to the crime committed; and

   b.   the trial court refused to consider any mitigating factors;

2.   Petitioner received ineffective assistance of counsel because:

   a.   counsel withdrew petitioner's motion to suppress, resulting in the length of petitioner's sentence; and

   b.   counsel failed to review the Commonwealth's lab and ballistics reports, resulting in the length of petitioner's sentence; and

   c.   counsel failed to challenge a highly suggestive photo lineup, resulting in the length of petitioner's sentence.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms.

3

<u>Satellite Org.</u>, 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. <u>See</u> <u>Simons v. Montgomery County Police Officers</u>, 762 F.2d 30, 31 (4th Cir. 1985); <u>Wolford v. Budd Co.</u>, 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.   Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455

4

U.S. 591, 598 (1982)). As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422

(1983), "[t]his deference requires that a federal habeas court more than

simply disagree with the state court before rejecting its factual

determinations. Instead, it must conclude that the state court's

findings lacked even 'fair [] support' in the record." <u>Id.</u> at 432.

**C.  Petitioner's Claims are Exhausted and<br>are Subject to Federal Review.**

   The exhaustion requirement dictates that a petitioner must

first present his claims for relief to state courts before a petition for

habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas
> corpus on behalf of a person in custody pursuant to
> the judgment of a State court shall not be granted
> unless it appears that--
>
> (A)  the applicant has exhausted the remedies
> available in the courts of the State; or
>
> (B)(i)  there is an absence of available
> State corrective process; or
>
> (ii) circumstances exist that render such
> process ineffective to protect the rights of the
> applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have
> exhausted the remedies available in the courts of
> the State, within the meaning of this section, if
> he has the right under the law of the State to
> raise, by any available procedure, the question
> presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

   A claim raised in a federal petition for writ of habeas corpus

must be the same claim as that presented in state proceedings.  <u>See</u>

<u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Pitchess v. Davis</u>, 421

U.S. 482, 487 (1975); <u>Joseph v. Angelone</u>, 184 F.3d 320, 325 (4th Cir.

1999); <u>Beck v. Angelone</u>, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); <u>see</u>

5

also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.   Claims 1(a) and 1(b) are Without Merit.

        Petitioner alleges that his Eighth Amendment rights were violated because his sentence was disproportionate to the crime committed, (Claim 1(a)). Petitioner raised the substance of the claim in his appeal in the Virginia Court of Appeals. The Court of Appeals found that the sentence imposed upon petitioner was within the range set by the legislature. The court stated that there was no evidence to indicate the sentences were so grossly disproportionate to the offense committed as to shock the conscience.   Wolkind v. Selph, 473 F. Supp. 675, 679 (E.D. Va 1979).

        The Virginia Court of Appeals' ruling regarding this claim was neither an unreasonable application of federal law nor an unreasonable decision in light of the facts presented.   See 28 U.S.C. § 2254(d). Petitioner was convicted on three counts of armed robbery and two counts of use of a firearm in the commission of a felony. Pursuant to section 19.2-306, of the Virginia Code, a trial court may impose probation up to the maximum period for which the defendant might have originally been sentenced. The three counts of robbery could have resulted in three life sentences for petitioner. Therefore, it is clear that petitioner could have been placed on probation for a period of three life sentences. In light of that fact, it was not unreasonable for the trial court to place petitioner on an indefinite term of probation after his release. Therefore, the decision of the Virginia Court of Appeals is afforded deference, as it is not unreasonable. The claim is without merit and should be DISMISSED.

6

Petitioner alleges that his Eighth Amendment rights were violated because the trial court refused to consider any mitigating factors, (Claim 1(b)).   This claim was raised by petitioner in the Virginia Court of Appeals.   The Court of Appeals found that it is within the trial court's purview to weigh any mitigating factors presented by petitioner.   Therefore, the court held that the trial judge did not abuse its discretion in considering mitigating factors for sentencing purposes. The determination by the Court of Appeals considering the merits of this claim is afforded deference, as it is neither an unreasonable application of federal law nor unreasonable in light of the facts presented.   The claim is without merit and should be DISMISSED.

Although the Court finds that Claims 1(a) and 1(b) are substantially the same as the claims petitioner raised on appeal, respondent states that certain aspects could distinguish the claims. Specifically, petitioner asserts, in the present petition, that the trial court refused to consider and ignored mitigating evidence.   However, on appeal, petitioner asserted simply that the mitigating evidence was not considered by the court in reducing his sentence.   Respondent asserts that the wording creates a new claim because an "argument that a sentencing court should have relied on certain evidence to impose a particular sentence is distinct from a contention that it did not even consider such evidence in the first place."   (Rule 5 Ans. at 7.)   Even if this terminology creates a new claim, the claim would be dismissed as simultaneously exhausted and procedurally defaulted, as the newly-advanced claims were not presented to the proper state courts before raised in this Court.

**D.  Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.   They were established in

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.    In <u>Strickland</u>, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  <u>Id</u>. at 687.  The Court stated:

> The benchmark for judging any claim of
> ineffectiveness must be whether counsel's conduct
> so undermined the proper functioning of the
> adversarial process that the trial cannot be relied
> on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's
> assistance was so defective as to require reversal
> of a conviction or death sentence has two
> components.  First, the defendant must show that
> counsel's performance was deficient.  This requires
> showing that counsel made errors so serious that
> counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires
> showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable.  Unless a defendant makes
> both showings, it cannot be said that the convic-
> tion or death sentence resulted from a breakdown in
> the adversary process that renders the result
> unreliable.

<u>Id</u>. at 686-87.

There are, therefore, two elements of the <u>Strickland</u> test, each of which must be met before the conduct of counsel can be found constitutionally defective.  First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation."  <u>Savino v. Murray</u>, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error

created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner alleges ineffective assistance of counsel because counsel withdrew petitioner's motion to suppress, (Claim 2(a)).  The Chesapeake Circuit Court rejected the claim as being without merit, and the Supreme Court of Virginia refused petitioner's appeal, finding no reversible error.  This Court finds that the dismissal of the claim by the state courts as meritless was reasonable under Hill v. Lockhart, 474 U.S. 52 (1983), Strickland, and Anderson v. Warden, 281 S.E.2d 885 (Va. 1981).

An inquiry into the effectiveness of counsel is typically governed by the familiar two-pronged test in Strickland.  However, Hill is a variation of the Strickland test and is applied in situations where

a prisoner has pled guilty. The <u>Hill</u> test requires a prisoner who pled guilty to establish that but for his attorney's alleged errors, he would have pled not guilty and would have proceeded to trial. However, petitioner proffers no such claim. In fact, petitioner specifically states that he is "not requesting that his plea be vacated. . . ." (Pet'r Br. in Support of Habeas Pet. at 20.) Therefore, petitioner's claim fails the first prong of the <u>Hill</u> test.

Petitioner's claim also falls short of the second prong of the <u>Hill</u> analysis, as petitioner was not prejudiced by counsel's alleged errors. To satisfy the objective inquiry of <u>Hill</u>, petitioner would have to prove he was prejudiced when counsel withdrew the motion to suppress incriminating statements petitioner made to the police. However, the overwhelming evidence of petitioner's guilt (food stamps taken in the robbery, five witnesses that identified petitioner as the robber, and a gun recovered along petitioner's escape route) was independent of petitioner's statements to the police. (Tr. at 9-10.)

Further, petitioner has failed to establish prejudice because he received a sentence below the recommended sentencing guidelines. Petitioner received a sentence of thirty-eight years, but twenty-eight years were suspended, leaving a total of ten years to serve. When sentencing petitioner, the trial court noted that if petitioner had gone to trial, the sentence would have been "five life sentences plus 23 years." (Tr. at 25.) Therefore, petitioner cannot establish prejudice because of counsel's alleged errors where petitioner received a sentence far below the recommended guidelines. Therefore, the Supreme Court's rejection of the ineffective assistance of counsel claim was reasonable under the test articulated in <u>Hill</u>.

The Supreme Court's rejection of the claim is also reasonable under the rule in <u>Anderson</u>. <u>Anderson</u> provides that the "truth and accuracy of representations made by an accused as to the adequacy of his [] counsel and the voluntariness of his guilty plea will be considered conclusively established," absent a valid reason to controvert the prior statements. <u>Anderson</u>, 281 S.E.2d at 516. The record demonstrates that petitioner's claim is wholly inconsistent with his representations at the time of his guilty plea. Petitioner repeatedly expressed his understanding of the plea agreement to the trial court, as well his understanding of the consequences of pleading guilty. (Tr. at 12-18.) Petitioner also answered affirmatively when the trial court asked him if he was satisfied with the services of his attorney. (Tr. at 13.) Petitioner has failed to set forth any valid reason why he should now be permitted to controvert his declarations made at trial. The claim is without merit and should be DISMISSED.

Petitioner alleges he received ineffective assistance of counsel because counsel failed to obtain certain ballistic reports, (Claim 2(b)). As with Claim 2(a), this claim is also deficient under <u>Hill</u> and <u>Anderson</u>. First, petitioner has failed to demonstrate a reasonable probability that he would have pled not guilty but for counsel's failure to obtain the ballistic reports, as required by <u>Hill</u>. Petitioner's claim also fails under the prejudice prong for the reasons discussed above. Second, petitioner's claim does not warrant relief under <u>Anderson</u>, as petitioner stated his understanding of the plea agreement and affirmed his satisfaction with counsel. The claim is without merit and should be DISMISSED.

### E. Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In <u>Coppola v. Warden of Virginia State Penitentiary</u>, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[1] In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals

---

[1] The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code. <u>Bassette</u>, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

> of all Virginia cases, civil or criminal, and
> conclude that such violation constitutes a
> procedural default sufficient to preclude federal
> court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which
> a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and
> adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner
> can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of
> federal law, or demonstrate that failure to
> consider the claims will result in a fundamental
> miscarriage of justice. . . . We now recognize the
> important interest in finality served by state
> procedural rules, and the significant harm to the
> States that results from the failure of federal
> courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the

Supreme Court of Virginia.  Therefore, the issue of actual prejudice need not be addressed.

Petitioner alleges that counsel was ineffective for failing to challenge a highly suggestive photo lineup, (Claim 2(c)).  Petitioner did not raise this claim in his state habeas petition.  However, if petitioner tried to raise the claim now in state court, he would be precluded from doing so.  Therefore, the claim is simultaneously exhausted and defaulted for purposes of federal habeas corpus review and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil

Procedure, plus three days permitted by Rule 6(e) of said rules. <u>See</u> 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
**James E. Bradberry**
**United States Magistrate Judge**

Norfolk, Virginia

July 21, 2008

15

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

        Roberto Luis Reyes, #300648, <u>pro</u> <u>se</u>
        Augusta Correctional Center
        1821 Estaline Valley Road
        Craigsville, VA  24430


        Robert H. Anderson, III, Esq.
        Assistant Attorney General of Virginia
        900 E. Main Street
        Richmond, VA  23219


        Fernando Galindo, Clerk

        By _____
                    Deputy Clerk

        _7-21-_____, 2008